1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK L. HICKS, | Case No. 1:20-cv-01523-NONE-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRANDON PRICE, | (ECF No. 6) |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On December 16, 2011, Petitioner was civilly committed to the custody of the California Department of Mental Health pursuant to California's Sexually Violent Predator Act ("SVPA"), Cal. Welf. & Inst. Code §§ 6600 et seq. (LD[1] 1). On April 9, 2013, the California Court of Appeal, Fifth Appellate District affirmed the order of commitment. (LD 2). On July 10, 2013, the California Supreme Court denied Petitioner's petition for review. (LDs 3, 4).

///

///

---

[1] "LD" refers to the documents lodged by Respondent on January 12, 2021. (ECF No. 10).

Petitioner has filed three state habeas petitions challenging his commitment. On May 5, 2019,[2] Petitioner filed a state habeas petition in the Tuolumne County Superior Court, which denied the petition on July 8, 2019. (LDs 5, 6). On August 12, 2019, Petitioner filed a state habeas petition in the California Court of Appeal, which denied the petition on January 23, 2020. (LDs 7, 8). On February 19, 2020, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on May 13, 2020. (LDs 9, 10).

On October 22, 2020, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On January 8, 2021, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 6). Petitioner filed an opposition. (ECF No. 13).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 6 at 2 n.1).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the opposition, Petitioner emphasizes that he is a civil detainee, not a prisoner, and appears to argue that 28 U.S.C. § 2244(d) is not applicable to civil detainees. (ECF No. 13 at 2).[3] However, § 2244(d)(1) specifically states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person *in custody pursuant to the judgment of a State court*." 28 U.S.C. § 2244(d)(1) (emphasis added). Although Petitioner is not a prisoner, Petitioner is in custody pursuant to a state court judgment. Accordingly, AEDPA's one-year limitation period applies.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. However, in the petition, Petitioner states that "the issues within his petition became relevant and applicable after his commitment" due to the "retroactive nature of the legal question" with citation to People v. McKee, 47 Cal. 4th 1172 (2010), and People v. Curlee, 237 Cal. App. 4th 709 (Cal. Ct. App. 2015). (ECF No. 1 at 12–13, 36–43). Petitioner appears to argue that he is entitled to a later commencement of the limitation period pursuant to 28 U.S.C. § 2244(d)(1)(C).[4]

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.
[4] Petitioner states that "his petition should be tolled pursuant . . . to 28 U.S.C. § 2244(1)(C)," (ECF No. 1 at 13), which the Court construes as Petitioner asserting that he is entitled to a later commencement of the limitation period pursuant to 28 U.S.C. § 2244(d)(1)(C).

Section 2244(d)(1)(C) provides that the one-year limitation period begins to run from the date on which a "newly recognized" constitutional right, made retroactively applicable to cases on collateral review, was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). As McKee and Curlee were decided by the California Supreme Court and the California Court of Appeal, and *not* the United States Supreme Court, § 2244(d)(1)(C) is inapplicable.

Accordingly, § 2244(d)(1)(A) is applicable in the instant case and the limitation period began running on the date that Petitioner's direct review became final. Here, the judgment became final on October 8, 2013, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, October 9, 2013, and absent tolling, was set to expire on October 8, 2014. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

## B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In the instant case, the limitation period expired before Petitioner constructively filed his first state habeas petition on May 5, 2019, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

## C. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1.  Respondent's motion to dismiss (ECF No. 6) be GRANTED; and

2.  The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 14, 2021**

UNITED STATES MAGISTRATE JUDGE